UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:12-CV-00034-BR

| | |
|---|---|
| STEVEN JOHN MULLENIX, )<br>)<br>Plaintiff, )<br>)       ORDER<br>v. )<br>)<br>NORTH CAROLINA CONFERENCE OF THE )<br>UNITED METHODIST CHURCH, )<br>)<br>Defendant. ) | |

This matter is before the court on defendant's motion to dismiss. Plaintiff, who proceeds *pro se*, filed a response in opposition to the motion.

According to the verified complaint, defendant employed plaintiff as a minister for nine years. (Compl. ¶ 1 at 1.) In 2009, defendant terminated plaintiff's employment for "anger issues." (Id. ¶¶ 1, 3 at 1.) Plaintiff claims that his termination was in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Id. ¶ 1 at 2.)

Defendant contends that plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Specifically, defendant argues that plaintiff has failed to exhaust his administrative remedies. Before a plaintiff may file suit under the ADA, he is required to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). See 42 U.S.C. § 2000e-5 (requiring the filing of an administrative charge under Title VII of the Civil Rights Act of 1964 ("Title VII")); 42 U.S.C. § 12117(a) (incorporating in the ADA the "powers, remedies, and procedures" of Title VII, including exhaustion requirement); Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir.

2009); Davis v. Va. Commonwealth Univ., 180 F.3d 626, 628 n.3 (4th Cir. 1999). "Th[is] exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005). "[A] failure by the plaintiff to exhaust administrative remedies concerning a [discrimination] claim deprives the federal courts of subject matter jurisdiction over the claim." Jones, 551 F.3d at 300 (citation omitted).

Plaintiff does not deny that he has not filed an administrative charge. Rather, he responds that until a few months ago, he was unaware of his federal rights as a disabled person and the requirement of filing an administrative claim. (Resp. at 2.) While such reasons might support an equitable basis for extending a filing deadline, those reasons cannot be used to excuse the wholesale failure to file an administrative charge. See Woodyard v. Gal-Tex Hotel Corp., No. 7:07CV00540, 2008 WL 2853637, *3 (W.D. Va. July 22, 2008) ("'[E]quitable considerations are relevant to whether the timeliness requirement for filing a charge should be subject to equitable tolling, not whether a charge must ever be filed at all.'" (quoting Grier v. Sec'y of the Army, 799 F.2d 721, 724 (11th Cir. 1986)).

Plaintiff also appears to suggest that because he filed suit within the statute of limitations for a claim based on federal civil rights law, this action should proceed. (See Resp. at 2.) Such an argument is misplaced. First, in North Carolina, an employment-related ADA claim is subject to a 180-day statute of limitations. See Bartlett v. Harviel, No. 1:00CV241, 2002 WL 32574862, *8 (M.D.N.C. Feb. 26, 2002) (relying on McCullough v. Branch Banking & Trust Co., 35 F.3d 129 (4th Cir. 1994), to apply 180-day limitations period in N.C. Gen. Stat. § 168A-2 to ADA claim), aff'd, 45 F. App'x 269 (4th Cir. 2002), cert. denied, 540 U.S. 851 (2003). Having been

2

terminated in 2009, plaintiff's filing of this action in 2012 was well after the statute of limitations had run. See Martin v. Sw. Va. Gas Co., 135 F.3d 307, 310 (4th Cir. 1998) ("A disabled plaintiff's employment discrimination cause of action accrues on the date that the alleged unlawful employment practice occurs." (citations omitted)). Second, even if he had timely filed the action, that fact still does not absolve him of the jurisdictional requirement to file a charge of discrimination with the EEOC.

Because he did not exhaust his administrative remedies, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction, and the court does not address the alternative grounds for dismissal that defendant advances.

Defendant's motion to dismiss is ALLOWED. This case is DISMISSED WITHOUT PREJUDICE.

This 16 July 2012.

W. Earl Britt
Senior U.S. District Judge